UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINA NUSZ,

       Plaintiff,

v.                                                           Case No:   2:15-cv-16-FtM-38CM

WAL-MART STORES EAST LP,

       Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant Wal-Mart Stores East's Motion Compelling the Plaintiff, Christina Nuez's Deposition without Prior Production of Store Surveillance Video ([Doc. #20](#)) filed on April 20, 2015.  No response has been filed by the Plaintiff; therefore, the Court will address this Motion without benefit of Plaintiff's response.

In this instance, Plaintiff alleges she slipped and fell in Defendant Wal-Mart's store in Naples, Florida, and seeks production of surveillance video of the incident prior to her Deposition.  Defendant acknowledges existence of the surveillance video and represents it would provide the video to Plaintiff; however, Defendant seeks to depose Plaintiff prior to production of said video.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

The Florida Supreme Court has held that it is within the trial court's discretion to permit the surveilling party "to depose the party or witness filmed before being required to produce the contents of the surveillance information for inspection." Dodson v. Persell, 390 So.2d 704, 705 (Fla. 1980).  The Dodson Court noted, "[F]airness requires that we allow the use of surveillance materials to establish any inconsistency in a claim by allowing the surveilling party to depose the party surveilled after the movies have been taken or evidence acquired but before their contents are presented for the adversary's pretrial examination." Id. at 708.  In this case, we find the same.  Therefore, good cause exists to grant the Defendant's Motion.  The Court grants the Motion, and requires Plaintiff to be disposed prior to the production of surveillance video, which Defendant is to release to her after the objection period for the deposition transcript has lapsed.

Accordingly, it is now

**ORDERED:**

Defendant Wal-Mart Stores East's Motion Compelling the Plaintiff, Christina Nuez's Deposition without Prior Production of Store Surveillance Video (Doc. #20) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of May, 2015.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record